Sylvan Agatstein and Celia Jo Agatstein v. Commissioner.
Agatstein v. Commissioner
Docket No. 1557-62.
United States Tax Court
T.C. Memo 1964-14; 1964 Tax Ct. Memo LEXIS 321; 23 T.C.M. (CCH) 62; T.C.M. (RIA) 64014; January 28, 1964
*321 Held, that capital losses sustained by the trust in the sale of a portion of its asset are chargeable against corpus and are not deductible from the income which was distributed to the income beneficiary. There was nothing in the will which required that capital losses incurred by the estate be charged to income; they were not so charged by the trust. All the income of the trust was distributed to the income beneficiary. Sylvan Agatstein, pro se, 923 Lay Rd., St. Louis, Mo. Sheldon Chertow, for the respondent. BLACK Memorandum Opinion BLACK, Judge: The Commissioner has determined deficiencies in petitioners' income tax for the years 1957 and *322 1958 in the respective amounts of $355.14 and $374.04. The petitioners assign error as follows: 4. The determination of tax set forth in the said notice of deficiency is based upon the following error: (a) The Commissioner has determined that deductions of $1,000 in each year, based upon a long term capital loss arising out of the sale of securities in the Testamentary Trust Estate of Isaac Agatstein, deceased, of which taxpayer Sylvan Agatstein is co-trustee and sole beneficiary, was not allowable. The facts were all stipulated and may be summarized as follows: During the taxable years 1957 and 1958, petitioners Sylvan and Celia Jo Agatstein were husband and wife and resided in the County of St. Louis, Missouri. They filed joint Federal income tax returns for the years 1957 and 1958 with the district director of internal revenue, St. Louis. Sylvan Agatstein will sometimes hereinafter be referred to as petitioner. Isaac Agatstein, deceased, was the father of petitioner. He died testate on July 10, 1955, and his "Last Will and Testament" was admitted to probate in the Probate Court of the City of St. Louis, Missouri, on July 14, 1955. By his will, Isaac provided for the *323 creation of an irrevocable trust out of the residue of his estate. On February 13, 1957, the Probate Court, pursuant to the provisions of the will, entered an order of final distribution by which the stocks, bonds, and miscellaneous assets of the estate of Isaac, having an inventory value of $171,251.02, were distributed to the trustees of the aforesaid trust. Petitioner and Edwin Shifrin had been named trustees of this trust. Under the provisions of the will, petitioner was the named life-income beneficiary, and Jane and Barbara Agatstein, his daughters, were the named remaindermen of the trust. During the taxable year 1957, the trust incurred a net capital loss in the amount of $4,879.43 as a result of sales of part of the trust corpus. During the taxable years 1957 and 1958, the trustees were required to distribute currently all of the income of the trust to the life-income beneficiary, petitioner. During the taxable year 1957, the trustees distributed to petitioner all of the 1957 income of the trust in the amount of $7,381.15, which amount consisted of dividend income of $6,695 and interest income of $795, less expenses of $108.85 attributable thereto. During the taxable *324 year 1958, the trustees distributed to petitioner all of the 1958 income of the trust in the amount of $7,245, which amount consisted of dividend income of $6,420 and interest income of $825. Paragraph three of the will provides for the invasion of trust corpus for the benefit of the life-income beneficiary and his family according to the following terms: (b) My Trustees shall have the right, authority and power, in the event of extraordinary needs of my aforesaid beneficiary, such as doctor, medical and hospital expenses, or in the event of any other emergency, or in the event that the income thereof, together with any other income my beneficiary may have or receive, shall be in my Trustees' discretion inadequate to maintain and support his family or him according to their or his customary standard of living, in order to meet such needs to encroach upon and pay and distribute at the request of said beneficiary unto him or upon his behalf such part of the corpus of said estate at such time or times as such occasion arises and in such amounts as to my Trustees and my Beneficiary shall seem appropriate. During the taxable year 1957, the trustees distributed approximately $7,000 *325 in corpus; the trustees did not distribute corpus during the taxable year 1958. Paragraph three of the will further provides that the trustees could apportion administration expenses and profits from the sale of trust corpus to either corpus or income. The will is silent as to the apportionment of capital losses. As has been said, in 1957 part of the trust corpus was sold by the trustees and a capital loss of $4,879.43 was incurred. Petitioner, who was the sole income beneficiary of the trust, took a deduction of $1,000 in each of the taxable years on account of this capital loss of the estate. The Commissioner has disallowed these claimed deductions of $1,000 in each of the taxable years of petitioner on the ground that they were not allowable deductions to the income beneficiary of the estate. The Commissioner, among other things, stated in his deficiency notice: Losses from the sale or exchange of capital assets are excluded in the computation of income or distributable net income under the provisions of the Internal Revenue Code of 1954. * * * There is no doubt that the trust sustained a loss on the sale of part of the corpus of the trust estate in 1957 and the amount of *326 that loss has been stipulated. But what is disputed and is the issue in this case is the right of petitioner to use $1,000 of the loss incurred as capital loss deductions in each of the years 1957 and 1958. Petitioner was the income beneficiary of the trust and all of the income which was distributed to him in 1957 and 1958 has been stipulated. But petitioner claims the right to deduct from that income, which he unquestionably has received, $1,000 in each of the taxable years on account of the capital loss which the trust incurred in 1957. Capital losses sustained by a trust normally must be charged to corpus as between a trust and its income beneficiary. A capital loss realized by the trust is the loss of the trust alone, see section 643(a)(3) of the 1954 Code, and cannot be deducted by the income beneficiary in computing his taxable income. We think there is no provision in the will, which we have carefully examined, which takes the instant case out of that rule. We sustain the Commissioner as to this issue. See ; ; (C.A. 1, 1925); *327 . Decision will be entered under Rule 50.